IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARVIN H. SMITH, | |
| Plaintiff, | CV 18-66-M-DLC-JCL |
| vs. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

In April 2018, pro se Plaintiff Marvin Smith commenced this action under 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security denying his application for disability benefits. (Doc. 2). Pursuant to 42 U.S.C § 405(g), an action for judicial review of any final decision of the Commissioner "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides." At the time Smith filed his Complaint, he was residing in Whitefish, Montana. (Doc. 2, at 3). Because Smith was residing within the District of Montana at the time, venue was initially proper here. On June 8, 2018, however, Smith filed a Notice of Change of Address advising the Court that he is now residing in Pensacola, Florida. (Doc. 6).

In light of Smith's change of address, the Commissioner has filed a motion

to transfer venue pursuant 28 U.S.C. § 1404(a). Smith has not filed a response brief, and the deadline for doing so has passed. Pursuant to Local Rule 7.1(d)(1)(B)(ii), the Court considers Smith's failure to file a response brief as an admission that the motion is well-taken.

Section 1404(a) states: "For the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). Because Smith no longer resides in the District of Montana, the Court finds that for the convenience of the parties and in the interest of justice, this case should be transferred to the Northern District of Florida. See e.g. *Fraser v. Berryhill*, 2018 WL 2017721 *2 (N.D. Tex. Apr. 30, 2018) (granting motion to change venue under § 1404(a) from the district where plaintiff resided when the action was filed to the district where plaintiff moved while his action was pending); *Montelongo v. Social Sec. Admin.,* 2014 WL 398912, *1 (N.D. Tex. Dec. 30, 2014) (transferring case brought under §405(g) to the district where plaintiff had moved after filing his complaint); *Wilson v. Astrue*, 2008 WL 901438 *2 (W.D. Tex. Mar. 30, 2008); *O'Brien v. Schweiker*, 563 F .Supp. 301, 302 (E.D. Penn. 1983). Accordingly,

IT IS ORDERED that Defendant's Motion to Transfer Venue (doc. 12) is GRNTED, and this case is transferred to the Northern District of Florida for further

proceedings.[1]

DATED this 17th day of August, 2018

_____
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] A motion to transfer venue is a non-dispositive matter that need not be submitted as findings of fact and recommendations to the district judge. See *Paoa v. Marati*, 2007 WL 4563938, *2 (D. Hawaii 2007).