UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARVIN HUGH SMITH,

    Plaintiff,

v.                                    Case No. 3:19-cv-1359-MCR/MJF

ANDREW SAUL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to respond to the undersigned's order to show cause. For the reasons set forth below, the undersigned recommends that this action be dismissed for failure to prosecute and failure to comply with three orders.[1]

**I.  Background**

On April 5, 2018, Plaintiff Marvin Hugh Smith commenced this action under 42 U.S.C. § 405(g), seeking review of a final adverse decision of the Commissioner of the Social Security Administration. Smith initially filed this action in the United States District Court for the District of Montana. (Doc. 1). On July 25, 2018,

---

[1] This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Local Rules 71.1(A), 72.2(D) and 72.3 of this court relating to review of administrative determinations under the Social Security Act ("Act") and related statutes, 42 U.S.C. § 401, *et seq.*

Defendant moved for a change of venue because Smith had moved to Pensacola, Florida. (*See* Docs. 6, 12). On August 17, 2018, after Smith failed to oppose the Defendant's motion,[2] Magistrate Judge Jeremiah C. Lynch granted the Defendant's motion to change venue and transferred the case to the United States District Court for the Northern District of Florida. (Doc. 13). This case was received and docketed by the clerk of court for the Northern District of Florida on May 7, 2019. (Doc. 14).

On August 22, 2019, the undersigned issued an order directing Defendant to file an answer to Smith's complaint on or before September 12, 2019. (Doc. 16). On September 12, 2019, Defendant filed an answer and the Social Security Transcript and Administrative Record. (Docs. 17, 18).

On September 12, 2019, the undersigned issued a scheduling order that directed Smith to file a memorandum in support of his complaint within sixty-days of the initial scheduling order. (Doc. 19 at 2). The undersigned warned Smith that the failure to "file such a memorandum which <u>specifically addresses</u> the claimed error shall be deemed a failure to prosecute and will result in a dismissal of this case with prejudice." *Id.* (emphasis in original). Smith's memorandum was due on

---

[2] Smith's last filing was his "Notice of Change of Address" filed on June 8, 2018. (Doc. 6).

November 12, 2019.³ Smith failed to file a memorandum in support of his complaint on or before the court-imposed deadline.

On November 18, 2019, the undersigned issued an order to show cause and directed Smith to explain why this case should not be dismissed for failing to comply with a court order and failure to prosecute. The undersigned imposed a deadline of December 9, 2019, to comply and warned Smith that the failure to comply with the order likely would result in dismissal for failure to prosecute. Smith did not file a response to the undersigned's order to show cause or a memorandum in support of his complaint.

Therefore, on December 17, 2019, the undersigned issued a second order to show cause and directed Smith to explain his failure to comply with the court's order. The undersigned imposed a deadline of January 7, 2020, to comply and again warned Smith that his failure to comply likely would result in the dismissal of this action.

As of the date of this Report and Recommendation, Smith has failed to file a memorandum in support of the complaint and has not offered an explanation for his failure to comply with the undersigned's orders.

---

³ Sixty-days from the date of the court's order was November 11, 2019. November 11, 2019 was Veteran's Day. Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the last date for Smith to comply timely with this court's order was November 12, 2019. Fed. R. Civ. P. 6(a)(1), (6).

## II. Discussion

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

Additionally, courts have found it proper to dismiss a civil action for lack of prosecution when a plaintiff has failed to file a memorandum in support of his complaint with respect to a Social Security appeal. *See Enix v. Comm'r of Soc. Sec.*, 461 F. App'x 861, 864 (11th Cir. 2012) (affirming the district court's dismissal of a Social Security appeal due to plaintiff's failure to file a brief challenging the ALJ's decision despite two orders to do so); *see also Shields v. Comm'r of Soc. Sec.*, 474 F. App'x 857, 858-59 (3d Cir. 2012) (affirming the district court's dismissal of aSocial Security appeal for failure to prosecute); *Tripp v. Comm'r of Soc. Sec. Admin.*, 471 F. App'x 631, 632 (9th Cir. 2012) (affirming the district court's dismissal of a Social Security appeal for failure to prosecute and failure to comply with court orders); *Ortega v. Apfel*, 5 F. App'x 96, 97 (2d Cir. 2001) (affirming the district court's dismissal of a Social Security appeal after plaintiff failed to comply with district court orders and received warning that his failure to prosecute his claim and to comply with the court's order would result in dismissal).

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On September 12, 2019, the undersigned ordered Smith to file a memorandum in support of his complaint. The undersigned provided Smith sixty days to comply. Thus, Smith has failed to comply with that order since approximately November 14, 2019.

**(2) Plaintiff's failure to comply with three court orders.** Smith has failed to comply with three court orders:

    a.    the order issued on September 12, 2019;

    b.    the order issued on November 18, 2019; and

    c.    the order issued on December 17, 2019.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** The undersigned warned Smith three times that failure to comply with the respective order likely would result in dismissal. (Docs. 19, 21, 22). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Despite these warnings, Smith has not complied with the undersigned's orders. While the undersigned is cognizant of Smith's *pro se* status, he is required to follow procedural rules and court orders. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Smith's repeated failure to respond to the court's orders indicates that he has been dilatory in his prosecution of this case.

**(4) Whether Plaintiff would suffer substantial prejudice.**

Under 42 U.S.C. § 405(g), a claimant is required to commence a civil action seeking review of a final decision of the Commissioner of Social Security "within sixty days after the mailing to him of notice of such decision or within such further

time as the Commissioner of Social Security may allow." This statute of limitation is not jurisdictional and may be waived or subject to equitable tolling. *See Bowen v City of New York*, 476 U.S. 467, 478-80, 106 S. Ct. 2022, 2029-30 (1986). In this case, the effect of dismissing this action for failure to prosecute and failure to comply with three court orders may subject any subsequent action by Smith to a statute of limitation defense. Thus, dismissal of this suit may result in prejudice to Smith, but this factor does not outweigh the other factors discussed herein.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** Smith has been afforded an opportunity to be heard and has received due process. The court's need to ensure that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Smith may have in this case remaining open.

**(6) The public policy favoring disposition of cases on their merits.** The orders issued by the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final disposition and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Smith last filed a document in this case in June 2018, more than one and one-half years ago. He has also ignored the undersigned's three most recent orders. Smith has not filed anything since this case was transferred to the Northern District of Florida. Based on Smith's lack of activity and refusal to abide by this court's orders, it is likely that he would ignore additional orders of this court. Accordingly, dismissal is an appropriate sanction to address the important interests discussed above.

## III.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS**:

1. This case be dismissed for failure to prosecute and failure to comply with three court orders.

2. The clerk of court be directed to close the case file.

At Panama City Beach, Florida, this 13th day of January, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.